UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLOCKCRUSHR INC., *Plaintiff*, v. CONSENSYS INC., CONSENSYS FUND I, L.P., CONSENSYS DILIGENCE, INC., CONSENSYS GP I, LLC, AND CONSENSYS VENTURES LLC, *Defendants*. | Case No. 20 Civ. 3134 (FB)  **JOINT STIPULATION AND [PROPOSED] ORDER CONCERNING DEFENDANTS' ANSWER AND CERTAIN DISCOVERY FROM PLAINTIFF** |

WHEREAS, BlockCrushr Inc. ("Plaintiff") and ConsenSys Inc., ConsenSys Fund I, L.P., ConsenSys Diligence, Inc., ConsenSys GP I, LLC, and ConsenSys Ventures LLC ("Defendants," and together with Plaintiff, the "Parties") entered into a presuit case management agreement as of July 9, 2020 (the "Presuit Agreement"), attached hereto as Exhibit A;

WHEREAS, on July 14, 2020, Plaintiff filed a complaint against Defendants in the above-captioned matter, Doc. No. 1 (the "Complaint"), asserting claims against Defendants for misappropriation of trade secrets and breach of contract (the "Litigation"); and

WHEREAS, the Parties' Presuit Agreement provides that all papers in the Litigation may be served via e-mail, that Defendants will answer the Complaint within 60 days of Plaintiff's serving the Complaint (and file neither a Rule 12(b) Motion nor any Rule 12(c) motion after filing an answer to the Complaint), and that Plaintiff, in turn, will answer an interrogatory identifying the alleged trade secrets that were disclosed to the Defendants ("Interrogatory No. 1") within 45 days after serving the Complaint, which Interrogatory No. 1 may be amended only pursuant to the terms of the Presuit Agreement;

IT IS ACCORDINGLY STIPULATED, by and through the undersigned counsel for the Parties, subject to the Court's approval, as follows:

1. The undersigned counsel for Defendants has accepted service of the Complaint and summons on behalf of all Defendants effective July 15, 2020, without waiving any of their defenses and objections to the lawsuit;

2. Plaintiff shall serve on Defendants its Interrogatory Response—as that term is understood in the Presuit Agreement—by August 31, 2020;

3. Plaintiff shall not file an amended complaint, and Defendants shall file their answer to the Complaint by September 14, 2020; and

4. The Presuit Agreement and Interrogatory No. 1—attached hereto as Exhibit A—are incorporated into and made part of this stipulation.

Date:  New York, New York
       July 29, 2020

Respectfully submitted,

/s/ Kyle W. Roche (by consent)
Kyle W. Roche
Richard R. Cipolla (*admission pending*)
Warren Li
ROCHE CYRULNIK FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, New York 10016
(646) 791-6881
kyle@rcfllp.com
rcipolla@rcfllp.com
wli@rcfllp.com

/s/ Tibor L. Nagy, Jr.
Tibor L. Nagy, Jr.
Michael J. Lockman (*admission pending*)
DONTZIN NAGY & FLEISSIG LLP
980 Madison Avenue
New York, New York 10075
(212) 717-2900
tibor@dnfllp.com
mlockman@dnfllp.com

*Attorneys for Plaintiff*

*Attorneys for Defendants*

**IT IS SO ORDERED**:

_____, 2020

Signed:

_____
HON. FREDERIC BLOCK,
U.S. DISTRICT COURT JUDGE

# Exhibit A

## PRESUIT CASE MANAGEMENT AGREEMENT

Whereas BlockCrushr d/b/a Groundhog ("Groundhog") desires to file a lawsuit (the "Lawsuit") against ConsenSys Fund I, L.P., ConsenSys Inc., ConsenSys Ventures LLC, ConsenSys GP I, LLC, ConsenSys Diligence, Inc., Bernhard Mueller, and ConsenSys AG (collectively, the "Proposed Defendants");

Whereas the Proposed Defendants dispute the claims;

Whereas the parties hereto seek to streamline the litigation of the claims;

Now, therefore, the parties agree as follows:

1. Groundhog will not name ConsenSys AG or Bernhard Mueller as defendants in the Lawsuit (or in any litigation based on the same facts alleged in the Lawsuit). Thus, the only parties which Groundhog will name as defendants in the Lawsuit are ConsenSys Fund I, L.P., ConsenSys Inc., ConsenSys Ventures LLC, ConsenSys GP I LLC, and ConsenSys Diligence, Inc. (the "Named Defendants").

2. Groundhog will not assert any claims against the Proposed Defendants in the Lawsuit (or in any litigation based on the same facts alleged in the Lawsuit) for promissory estoppel, unjust enrichment or tortious interference. Thus, the only claims asserted in the Lawsuit will be claims for (a) misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*; (b) misappropriation of trade secrets under state law; and (c) breach of the terms of the Convertible Equity Instrument and Management Rights Letter.

3. Within 45 days of service of its complaint (the "Complaint"), Groundhog will provide a response to an interrogatory in the form attached hereto ("Interrogatory No. 1"). Groundhog's response to Interrogatory No. 1 will identify the trade secrets that it claims it disclosed to the Named Defendants (the "Disclosed Trade Secrets"). The parties agree that this

will be a disclosure of the trade secrets that Groundhog alleges it *provided* to the Named Defendants, and is not necessarily the same set of trade secrets that Groundhog claims the Named Defendants actually *utilized*. The parties further agree that Groundhog will disclose the *actual* trade secrets (and not simply categories or types of trade secrets) in its response to Interrogatory No. 1 (the "Interrogatory Response"), and that the Named Defendants are entitled to rely on the Interrogatory Response as Groundhog's identification of the Disclosed Trade Secrets throughout the litigation, including for purposes of summary judgment. Up until 60 days before the close of fact discovery, Groundhog may serve an amended Interrogatory Response upon a showing of good cause. Before any such amendment on the basis for good cause, Groundhog will request a meet and confer to describe the amendment and its basis. Should the Parties disagree as to whether there is good cause for an amendment, Groundhog agrees not to contest any motion opposing the amendment on the grounds that Groundhog need not show good cause to amend.

4. Groundhog agrees that, in order to establish good cause, it must establish that (a) it was not previously able, through the exercise of reasonable diligence, to disclose the new or modified information that it seeks to add through its amendment; and (b) it sought to make the amendment at the earliest possible time. Furthermore, Groundhog agrees that, if it seeks to make any amendment after it has reviewed Named Defendants' source code (or any information describing Named Defendants' source code), any amendment that is made primarily to conform the alleged trade secrets to Named Defendants' source code shall not be considered to be made for good cause.

5. Further, in identifying the trade secrets in its Interrogatory Response, Groundhog may list the entirety of its source code as a trade secret without separating out the specific lines of code that constitute trade secrets. Groundhog may amend its Interrogatory Response by specifying

particular source code that Groundhog asserts are its trade secrets by serving any such specification on the Named Defendants within 60 days after service of the Interrogatory Response (the "Source Code Specification"). For the avoidance of doubt, other than as provided herein (*i.e.*, by serving the Source Code Specification), Groundhog will not try to supplement or amend the Interrogatory Response in any way, including by trying to include in the Source Code Specification any new ideas not described in the Interrogatory Response

6. Accordingly, for the foregoing reasons, Groundhog will not lodge any objections to responding to Interrogatory No. 1, including but not limited to any objections concerning the timing of the Named Defendants' service of Interrogatory No. 1 or the timing of Groundhog's service of its Interrogatory Response and/or its Source Code Specification.

7. Notwithstanding any other provision in this agreement, the parties agree to file a stipulated protective order with the Court before Groundhog serves its Interrogatory Response.

8. The parties agree that all papers in this case can be served via email. For example, the Named Defendants will accept service of the Complaint via email. Groundhog likewise will accept service of Interrogatory No. 1 via email, and will serve its Interrogatory Response via email.

9. While reserving all of their rights/defenses, the Named Defendants will not file any Rule 12(b)(6) motions and, instead, will file an answer to the Complaint within 60 days of service. The Named Defendants also will not file any Rule 12(c) motion after filing an answer to the Complaint.

10. Except as the parties may otherwise agree in writing, no Named Defendant shall provide any discovery response in the Lawsuit until after Groundhog serves the Interrogatory Response and either (a) serves the Source Code Specification on the Named Defendants or (b) confirms in writing that it does not intend to serve any Source Code Specification.

11. Following Groundhog's service of the Interrogatory Response and the Source Code Specification, the Named Defendants will facilitate reasonable discovery, consistent with Rule 26(b)(1), from: (a) Mueller and (b) ConsenSys AG.

12. For the avoidance of doubt, the Proposed Defendants do not waive any claims or defenses (including but not limited to any claims or defenses arising out of the letter that the Proposed Defendants sent to Groundhog dated May 19, 2020), and Groundhog agrees that it will not use the existence of this agreement to claim any such waiver.

Dated: New York, New York
       July 9, 2020

*Kyle W. Roche*
Kyle W. Roche
ROCHE CYRULNIK FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rcfllp.com

*Attorneys for Groundhog*

Tibor L. Nagy, Jr.
DONTZIN NAGY & FLEISSIG LLP
980 Madison Avenue
New York, New York 10075
tibor@dnfllp.com

*Attorneys for the Named Defendants*

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLOCKCRUSHR INC., <br><br> *Plaintiff*, <br><br> v. <br><br> CONSENSYS INC.; CONSENSYS FUND I, L.P.; CONSENSYS DILIGENCE, INC.; CONSENSYS GP I, LLC; *and* CONSENSYS VENTURES LLC, <br><br> *Defendants*. | Case No. _____ |

## DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure, and the Joint Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules"), ConsenSys Inc., ConsenSys Fund I, L.P., ConsenSys Diligence, Inc., ConsenSys GP I, LLC, and ConsenSys Ventures LLC (the "Defendants") demand that BlockCrushr Inc. (the "Plaintiff") provide a verified response to the interrogatory propounded herein (the "Interrogatory") within forty-five (45) days of the day of service hereof. The Interrogatory shall be answered fully in writing, under oath, and in accordance with Rules 26 through 37 of the Federal Rules of Civil Procedure except to the extent otherwise provided for herein. The Interrogatory is subject to the definitions and instructions below.

## INTERROGATORY

1.  Identify with specificity the trade secrets that you claim were disclosed to Defendants as alleged in your complaint.

## DEFINITIONS & INSTRUCTIONS

1.  The definitions and rules of construction set forth in Local Civil Rule 26.3 shall apply to the Interrogatory except to the extent they conflict with any instructions specifically set forth herein.

2.  The provisions of Local Civil Rule 26.2 shall apply to any claim of privilege or work product protection, whether based on statute, rule or otherwise.

3.  If any document that concerns anything about which this Interrogatory asks has been destroyed, identify the document, the date of destruction, and the name of the person who ordered or authorized the destruction.

4.  Information requested in this Interrogatory shall include information within the knowledge or possession of any of the Plaintiff's agents, employees, attorneys, or any other persons, firms, or entities directly or indirectly subject to Plaintiff's control in any way whatsoever.

5.  Pursuant to the parties' agreement dated July 9, 2020 (the "Presuit Agreement"), this Interrogatory will not be amended pursuant to Federal Rule of Civil Procedure 26(e)(1)(A), instead Plaintiff will fully and finally identify the trade secrets it is relying upon in this action in this first and only response, so that Defendants can rely on them throughout the course of any action involving the parties.  Plaintiff agrees that the only change that may be made to its response to this Interrogatory is the addition of the Source Code Specification, in accordance with the Terms of the Presuit Agreement.

6.  For the avoidance of doubt, this Interrogatory requires you to disclose what you

believe to be the actual trade secrets themselves, and not simply categories or types of trade secrets.

Dated: July 9, 2020
New York, New York

**DONTZIN NAGY & FLEISSIG LLP**

By: _____
Tibor L. Nagy, Jr.
Michael J. Lockman
980 Madison Avenue
New York, NY 10075
Tel: 212-717-2900
tibor@dnfllp.com
mlockman@dnfllp.com

*Attorneys for Defendants*
*ConsenSys Inc.*
*ConsenSys Fund I, L.P.*
*ConsenSys Diligence, Inc.*
*ConsenSys GP I, LLC*
*ConsenSys Ventures LLC*

To: Kyle Roche
Richard Cipolla
Warren Li
ROCHE CYRULNIK FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, New York 10016
(646) 970-7509
kyle@rcfllp.com
rcipolla@rcfllp.com
wli@rcfllp.com
*Attorneys for Plaintiff BlockCrushr Inc.*