UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BLOCKCRUSHR INC.,

*Plaintiff*,

v.

CONSENSYS INC., CONSENSYS FUND I, L.P., CONSENSYS DILIGENCE, INC., CONSENSYS GP I, LLC, AND CONSENSYS VENTURES LLC,

*Defendants*.

No. 20-cv-03134 (FB-RLM)

## ANSWER

Defendants ConsenSys Inc., ConsenSys Fund I, L.P., ConsenSys Diligence, Inc., ConsenSys GP I, LLC, and ConsenSys Ventures LLC ("Defendants") by and through their attorneys Dontzin Nagy & Fleissig LLP respectfully submit this Answer to Plaintiff BlockCrushr Inc.'s ("BlockCrushr") Complaint and plead as follows:

**I.   INTRODUCTION**

1. Defendants deny the allegations in Paragraph 1, except Defendants admit the allegation in footnote 1 that Ethereum is a cryptocurrency characterized by a distributed ledger known as a blockchain.

2. Defendants deny that in August 2018 BlockCrushr was a "rising tech darling." Except as so expressly denied, Defendants lack sufficient information to ascertain the truth of the remaining allegations in Paragraph 2 and on that basis deny them.

3. Defendants admit that in Summer 2018 the Tachyon program was focused on "Web 3.0" Technologies, with a heavy emphasis on the Ethereum blockchain. Except as so expressly

admitted, Defendants deny the remaining allegations in Paragraph 3, including but not limited to any characterization by Plaintiff of the Convertible Equity Instruments and Management Rights Letter, which speak for themselves.

4. Defendants admit that their founder, Joseph Lubin, was a founding architect of the Ethereum blockchain and that ConsenSys plays an integral role in the Ethereum ecosystem. Except as so expressly admitted, Defendants deny the remaining allegations in Paragraph 4.

5. Defendants deny the allegations in the first sentence of Paragraph 5. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the second sentence of Paragraph 5 and on that basis deny those allegations.

6. Defendants admit that individuals from the BlockCrushr team had meetings with individuals from ConsenSys Inc. Except as so expressly admitted, Defendants deny the allegations in Paragraph 6 including but not limited to any characterization by Plaintiff of the Convertible Equity Instruments and Management Rights Letter, which speak for themselves.

7. Defendants deny the allegations in the first two sentences of Paragraph 7, and Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in the last two sentences of Paragraph 7 and on that basis deny those allegations.

8. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 and on that basis deny those allegations.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the first sentence of Paragraph 10 and on that basis deny those allegations. Defendants deny the allegations in the second and third sentences of Paragraph 10.

11. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the first sentence of Paragraph 11 and on that basis deny those allegations. Defendants deny the allegations in the second and third sentences of Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

## II. PARTIES

### A. Plaintiff

13. Defendants admit that Plaintiff has done business as "Groundhog." Except as so expressly admitted, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of Paragraph 13 and on that basis deny those allegations.

### B. Defendants

14. Defendants deny the allegations of Paragraph 14, except that Defendants admit that ConsenSys Inc. is a corporation organized under the laws of Delaware. Except as so expressly admitted, Defendants deny the allegations in Paragraph 14.

15. Defendants admit that ConsenSys Fund I, L.P. ("ConsenSys Fund") is a limited fund partnership organized under the laws of Delaware. Except as so expressly admitted Defendants deny the allegations in Paragraph 15.

16. Defendants admit that ConsenSys Ventures LLC is a limited liability company organized under the laws of Delaware. Except as so expressly admitted Defendants deny the allegations in Paragraph 16.

17. Defendants admit that ConsenSys GP I, LLC ("ConsenSys GP") is a limited liability company organized under the laws of Delaware. Except as so expressly admitted Defendants deny the allegations in Paragraph 17.

18. Defendants admit that ConsenSys Diligence is a corporation organized under the laws of Delaware. Except as so expressly admitted, Defendants deny the allegations in Paragraph 18.

### III. JURISDICTION AND VENUE

19. Defendants state that no response is required to the allegations in Paragraph 19, because they purport to state legal conclusions.

20. Defendants state that no response is required to the allegations in Paragraph 20, because they purport to state legal conclusions.

21. Defendants admit that the parties are diverse in citizenship. Defendants deny that the amount in controversy in this action exceeds $75,000. Defendants otherwise state that no response is required to the allegations in Paragraph 21, because they purport to state legal conclusions.

22. Defendants state that no response is required to any of the allegations in Paragraph 22 because they purport to state legal conclusions, except Defendants admit that they do business in this judicial district.

### IV. FACTUAL ALLEGATIONS

#### A. "The Beginnings of BlockCrushr"

23. Defendants deny the allegations in Paragraph 23.

24. Defendants admit the allegation in footnote 2 that the term "hackathon" commonly includes "an event that typically lasts for a short period of time – at most several days – where individuals collaborate to produce a prototype of an application or product" but deny that the term is limited to that usage. Except as so expressly admitted, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and on that basis deny those allegations.

25. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and on that basis deny those allegations.

26. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and on that basis deny those allegations.

27. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and on that basis deny those allegations.

**B.      "Techstars and the Genesis of the Recurring Payments System"**

28. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and on that basis deny those allegations.

29. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 and on that basis deny those allegations.

30. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and on that basis deny those allegations.

31. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and on that basis deny those allegations.

32. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and on that basis deny those allegations.

33. Defendants deny the allegations in Paragraph 33.

**C.      "Bitcoin and Ethereum"**

34. Defendants admit the allegations in Paragraph 34.

35. Defendants admit that Bitcoin includes a ledger that tracks the ownership and transfer of every Bitcoin in existence and that this ledger is called the blockchain.  Except as so expressly admitted, Defendants deny the allegations in Paragraph 35.

36. Defendants admit that blockchains act as the central technical commonality across most cryptocurrencies, are subject to different technical rules and permissions and frequently enable some degree of cryptocurrency decentralization. Except as so expressly admitted, Defendants deny the allegations in Paragraph 36.

37. Defendants admit that many cryptocurrencies (including bitcoin) rely on validators to expend computational resources to solve a complex puzzle that rewards individuals through newly minted cryptocurrency and that this process is, often, colloquially referred to as mining. Defendants further admit that many cryptocurrencies can also be obtained from someone else and that a number of financial exchanges offer the ability to buy some cryptocurrencies with fiat currency, such as the US dollar, or other cryptocurrencies. Except as so expressly admitted, Defendants deny the allegations in Paragraph 37.

38. Defendants admit that some users of bitcoin maintain a "digital wallet" which stores the cryptographic keys used to track ownership, receive or spend cryptocurrencies and that in many cases the transfer fees and transfer time for cryptocurrency transactions are lower than transfers of US dollars in the conventional banking system. Except as so expressly admitted, Defendants lack the information needed to determine the truth or falsity of the allegations in Paragraph 38 and footnote 3 and on that basis deny those allegations.

39. Defendants admit the allegations in Paragraph 39.

40. Defendants admit the allegations in Paragraph 40 and footnote 4 except state that ETH (not "ether") is the unit of exchange.

41. Defendants admit that Ethereum was designed to enable "smart contract" functionality. Except as so expressly admitted, Defendants deny the allegations in Paragraph 41.

42. Defendants state that no response is required to the hypotheticals set out in Paragraph 42, because they are not factual allegations. To the extent a response is deemed required, Defendants lack sufficient information to determine the truth or falsity of the incomplete hypothetical in Paragraph 42 and on that basis deny those allegations.

43. Defendants admit that some smart contracts self-execute by means of code. Except as so expressly admitted, Defendants state that no response is required to the hypotheticals set out in Paragraph 43, because they are not factual allegations. Except as so expressly admitted and to the extent a response is deemed required, Defendants lack sufficient information to determine the truth or falsity of the incomplete hypothetical in Paragraph 43 and on that basis deny those allegations.

  **D.**  **"BlockCrushr's Recurring Payment System"**

44. Defendants admit the allegations in Paragraph 44.

45. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 and on that basis deny those allegations.

46. Defendants admit the allegations in Paragraph 46 except that Defendants contend that the "ease" with which customers can sign up for services that incur a monthly credit card charge varies and that not all such services are properly described as "easy."

47. Defendants admit that cryptocurrencies do not have a "built-in" recurring payment system. Except as so expressly admitted, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47, and on that basis deny them.

48. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 48 and on that basis deny them.

Defendants deny the allegations in the second sentence and third sentences of Paragraph 48 and footnotes 5 and 6.

49. Defendants deny the allegations in the first sentence of Paragraph 49. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 49 and on that basis deny them.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 and on that basis deny them.

### E. "At all Times, BlockCrushr Took Reasonable Measures to Keep Information Secret"

52. Defendants admit that some cryptocurrency companies had been the targets of thefts and hacking. Defendants deny the first sentence of Paragraph 52, and except as so expressly admitted, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the other allegations in Paragraph 52, and on that basis deny them.

53. Defendants admit that access to a BitBucket repository is by default logged and recorded, and Defendants admit the allegations in footnote 7. Except as so expressly admitted, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53, and on that basis deny them.

54. Defendants admit the allegations in footnote 8 except Defendants contend that "two factor authentication" typically requires at least two different *types* of evidence and not merely two different *pieces* of evidence. Except as so expressly admitted, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54, and on that basis deny them.

55. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 and on that basis deny them.

56. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 and on that basis deny them.

### F. "BlockCrushr's First Interactions with Defendants"

57. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 57 and on that basis deny them. Defendants deny the remaining allegations in Paragraph 57 and its footnote 9.

58. Defendants deny the allegations in Paragraph 58, except that Defendants admit that ConsenSys is a market-leading blockchain technology company that promotes the Ethereum ecosystem.

59. Defendants admit that BlockCrushr enrolled in ConsenSys's Tachyon program. Except as so expressly admitted Defendants deny the allegations in the first and second sentences of Paragraph 59. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 59, and on that basis deny those allegations.

### G. "ConsenSys Agrees to Protect BlockCrushr's Trade Secrets"

60. Defendants admit that ConsenSys Fund I, L.P. entered into Convertible Equity Instruments with Plaintiff on or around September, October, and November 2018. Defendants admit that those agreements are attached to the Complaint as Exhibit A, B and C. Except as so expressly admitted, Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

**H.** **"BlockCrushr Discloses Trade Secrets as Part of the Tachyon Accelerator Program Pursuant to the Confidentiality Provisions of the Convertible Equity Instruments and the Management Rights Letter"**

68. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 and on that basis deny them.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in the first and second sentences of Paragraph 70, and Defendants otherwise lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of Paragraph 70 and on that basis deny them.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants admit that between September and November 2018 Mr. Redden and Mr. Burke talked to people employed by ConsenSys Inc., and Defendants admit that an ICO typically allows companies to issue cryptocurrencies. Except as so expressly admitted, Defendants deny the allegations in Paragraph 72 and footnote 10.

73. Defendants deny the allegations in Paragraph 73.

**I.** **"Demo Day and Post-Demo Day Investment Discussions"**

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76, except they admit that Mr. Burke and Mr. Redden spoke to Mr. Wallendahl in or around November 2018.

77. Defendants admit that between approximately November 2018 and February 2019, Mr. Redden and Mr. Burke met with some of ConsenSys Inc.'s employees. Except as so expressly admitted, Defendants lack sufficient information to ascertain the truth or falsity of the allegations in Paragraph 77 and on that basis deny those allegations.

78. Defendants admit that Mr. Burke and Mr. Redden spoke on the phone to employees of ConsenSys Inc. on or around November 28, 2018. Except as so expressly admitted, Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81, except they admit that in or around January 2019, Mr. Redden and Mr. Burke talked to employees of ConsenSys Inc. about BlockCrushr.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84, except Defendants admit that Mr. Redden spoke to Mr. Mueller in or around January 23, 2019.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86 and its footnotes 11 and 12 except Defendants admit that Mr. Hernández worked at Daisy Payments.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89 and on that basis deny them.

90. Defendants deny the allegations in Paragraph 90.

**J.     "Daisy Payments Launches the Day Before BlockCrushr"**

91. Defendants deny the allegations in Paragraph 91, except that Defendants admit that Mr. Lubin's twitter account retweeted a tweet by Mr. Timsit on or around August 22, 2019.

92. Defendants deny the allegations in Paragraph 92, except that Defendants admit that the domain name www.daisypayments.com was registered in early 2019.

93. Defendants deny the allegations in Paragraph 93, except that Defendants admit that Mr. Juri worked at Token Foundry.

94. Defendants deny the allegations in Paragraph 94 and in footnote 13.

95. Defendants deny the allegations in Paragraph 95, except that Defendants admit that Token Foundry was an affiliate of Defendants.

96. Defendants deny the allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

99. Defendants deny the allegations in Paragraph 99, except that Defendants admit that some members of Daisy Payments also worked on the Token Foundry project.

100. Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101.

**K.     "Post-Launch Communications"**

102. Defendants admit that Mr. Burke emailed Mr. Lubin on or around August 23, 2019. Except as so expressly admitted, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 and on that basis deny them.

103. Defendants deny the allegations in Paragraph 103, except Defendants admit that Mr. Lubin sent an email to Mr. Burke on or around August 23, 2019.

104. Defendants deny the allegations in Paragraph 104, except Defendants admit that Mr. Burke and Mr. Redden spoke with Mr. Srikanti in or around September 2019.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**"Misappropriation of Trade Secrets Under the Defend Trade Secrets Act  
18 U.S.C. § 1836, et seq.  
(Against All Defendants)"**

107. Defendants state that no response is required to the allegations in Paragraph 107, because they are merely an incorporation by reference of previous allegations, and Defendants otherwise deny the allegations in Paragraph 107.

108. Defendants deny the allegations in Paragraph 108.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants deny the allegations in Paragraph 112.

113. Defendants deny the allegations in Paragraph 113.

114. Defendants deny the allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

## SECOND CAUSE OF ACTION
### "Misappropriation of Trade Secrets
### (Against All Defendants)"

116. Defendants state that no response is required to the allegations in Paragraph 116, because they are merely an incorporation by reference of previous allegations, and Defendants otherwise deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118. Defendants deny the allegations in Paragraph 118.

119. Defendants deny the allegations in Paragraph 119.

120. Defendants deny the allegations in Paragraph 120.

121. Defendants deny the allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123.

124. Defendants deny the allegations in Paragraph 124.

125. Defendants deny the allegations in Paragraph 125.

## THIRD CAUSE OF ACTION
### "Breach of Contract
### (Against ConsenSys Fund and ConsenSys GP)"

126. Defendants state that no response is required to the allegations in Paragraph 126, because they are merely an incorporation by reference of previous allegations, and Defendants otherwise deny the allegations in Paragraph 126.

127. Defendants deny the allegations in Paragraph 127.

128. Defendants admit that the Convertible Equity Instruments or Management Rights Letter are each a valid written contract. Except as so expressly admitted, Defendants lack sufficient information to determine the truth or falsity of the remaining allegations of Paragraph 128 and on that basis deny them.

129. Defendants state that no response is required to the allegations in Paragraph 129 because they purport to state legal conclusions, and Defendants otherwise lack sufficient information to determine the truth or falsity of the allegations in Paragraph 129 and on that basis deny them.

130. Defendants deny the allegations in Paragraph 130.

131. Defendants deny the allegations in Paragraph 131.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any Relief.

## JURY TRIAL DEMAND

Defendants demand a trial by jury for all claims.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct affirmative defenses to the allegations in the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
*No Trade Secrets*

The Complaint is barred, in whole or in part, because Plaintiff's alleged "trade secrets" are not trade secrets and thus are not entitled to any legal protections.

### SECOND AFFIRMATIVE DEFENSE
*No Misappropriation*

The Complaint is barred, in whole or in part, because there was no act of misappropriation by any Defendant.

### THIRD AFFIRMATIVE DEFENSE
*No Duty*

The Complaint is barred, in whole or in part, because Defendants have not violated any duty owed to Plaintiffs whether at common law or by statute or contract.

### FOURTH AFFIRMATIVE DEFENSE
*No Standing*

The Complaint is barred, in whole or in part, because Plaintiff has suffered no ascertainable loss.

### FIFTH AFFIRMATIVE DEFENSE
*Estoppel and Waiver*

The Complaint is barred, in whole or in part, by the doctrines of estoppel and waiver.

### SIXTH AFFIRMATIVE DEFENSE
*Unclean Hands*

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE
*Reservation of Future Defenses*

Defendants reserve the right to amend or supplement this pleading to include further affirmative defenses as the facts and circumstances become known through discovery and/or further investigation.

**WHEREFORE**, Defendants pray for relief and judgment as follows:

    i. That Plaintiff take nothing by its Complaint and that the same be dismissed with prejudice;

    ii. That Defendants have judgment entered in their favor;

    iii.  That Defendants be awarded costs of suit, expenses, and attorneys' fees as allowed by law and Section 5.3 of each of the Convertible Equity Instruments; and

    iv.  For such other and further relief as this Court deems just and proper.

Dated:  September 15, 2020
          New York, New York

**DONTZIN NAGY & FLEISSIG LLP**

By: _____
Tibor L. Nagy, Jr.
980 Madison Avenue
New York, NY 10075
Tel: 212-717-2900
tibor@dnfllp.com

*Attorneys for Defendants*