

**By ECF**  November 24, 2020
Hon. Roanne Mann
United States District Court (E.D.N.Y.)
Brooklyn, New York

        Re:    BlockCrushr Inc. v. Consensys Inc. et al, 20-cv-3134 (FB)

Dear Judge Mann:

      We represent Plaintiff BlockCrushr, Inc., in the above-referenced action and write in opposition to Defendants' request for an order compelling a further response to Defendants' Interrogatory No. 1 identifying BlockCrushr's trade secrets (the "Identification," ECF No. 24-2). Prior to bringing this action, the Parties engaged in extensive presuit negotiations to streamline this litigation. As part of that negotiation, BlockCrushr agreed to respond to Defendants' Interrogatory No. 1 prior to pursuing discovery. The Parties filed that agreement with the Court on August 6, 2020 (ECF No, 14, the "Stipulation"), which the Court so ordered. On August 31, 2020, Plaintiffs provided Defendants the Identification, which included a specific and detailed accounting of the trade secrets at issue.

      Defendants contend that the Identification is deficient and assert that Plaintiffs had agreed to lock in their articulation of BlockCrushr's trade secrets. But neither the law nor the nature of the pre-suit agreement demands such disclosure at this time. Rather, Defendants motion to compel is an attempt to rewrite the Stipulation to force BlockCrushr to engage in burdensome and premature expert discovery. When read as a whole, the Identification is sufficiently specific to define the scope of discovery and to enable Defendants to prepare their defense without allowing BlockCrushr to strategically define new trade secrets. For these reasons, Defendants' request should be denied.

    **I.**    **BlockCrushr Agreed to Produce a Specific, but not Final, Pre-Discovery Identification.**

      While "neither the New York Court of Appeals nor the United States Court of Appeals for the Second Circuit has expressly required trade secrets to be identified with any particular degree of specificity," *Broker Genius, Inc. v. Zalta*, 280 F. Supp. 3d 495, 515 (S.D.N.Y. 2017), pre-discovery trade secret identification requires less detail than post-discovery identification because "the level of specificity increases as [a] case and discovery proceeds." *Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.*, No. 15 Civ. 2926, 2019 WL 5694256, at *17 (E.D.N.Y. July 22, 2019), *report and recommendation adopted*, 2020 WL 1242616 (E.D.N.Y. Mar. 16, 2020); *Uni-Sys., LLC v. U.S. Tennis Ass'n,* No. 17 Civ. 147, 2017 WL 4081904, at *4 (E.D.N.Y. Sept. 13, 2017) ("[T]he strength of the showing sufficient to identify trade secrets with sufficient particularity varies with the facts and stage of the case."). While Defendants' unpersuasively rely (at 2, n.5) on California's pre-discovery identification requirement to support their argument that BlockCrushr should be compelled to disclose its final, precise articulation of its trade secrets now, that standard plainly does not support their argument. *See Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 835 (2005) ("'[R]easonable particularity' does not mean that the party alleging misappropriation has to define every minute detail of its claimed trade secret at the outset of the litigation."). BlockCrushr's Identification satisfies this requirement.

      Contrary to Defendants' suggestion, the Stipulation imposes no heightened identification requirement. As counsel represented when negotiating the Stipulation, the agreement for BlockCrushr to disclose its trade secrets was intended to capture only what the Court was "likely to order Groundhog"

to do. *See* Ex. A at 1 ("The court is also likely to order Groundhog to identify the trade secrets it claims it disclosed to us, which is the only other thing we are asking you to do."). The parties engaged in extensive discussions to negotiate the Stipulation and streamline this dispute, but importantly, those discussions focused on BlockCrushr's willingness to remove certain parties and claims, not on the specificity of BlockCrushr's initial disclosure. *See id.* at 4 (outlining the initial terms after the parties' first meeting and omitting any discussion concerning trade secret identification). After those initial discussions, Defendants proposed the clause seeking a pre-discovery trade secret identification, to make sure the discovery and litigation remained centered on Daisy's alleged misappropriation. While BlockCrushr disagreed that such identification was required by law, BlockCrushr agreed to provide the disclosure in the interest of streamlining the litigation.[1]

Defendants' appear to rely on the Stipulation's use of the term "*actual* trade secrets" to bootstrap their argument. But "actual trade secret" is not a term of art meant to convey any particular level of specificity, let alone the specificity required for purposes of summary judgment. *See, e.g., Cicel (Beijing) Sci. & Tech. Co. v. Misonix, Inc.*, 2020 WL 376581, at *5 (E.D.N.Y. Jan. 23, 2020) (discussing "actual trade secrets" in the context of a motion to dismiss a complaint). While Defendants highlight that the Identification may be relied upon "throughout the litigation, including for purposes of summary judgment" that truism holds for any of the Parties' interrogatory responses. Rather, as contemplated during negotiation of the Stipulation, that language was intended to protect against BlockCrushr adding trade secrets or meaningfully changing their scope—not to prevent BlockCrushr from engaging an expert to articulate its trade secrets in more precise detail. If Defendants' had ever demanded such level of pre-discovery disclosure, BlockCrushr would not have agreed to the terms of the Stipulation.

## II. BlockCrushr's Identification is Sufficiently Specific.

Defendants argue (at 3) that BlockCrushr is treating its trade secret disclosure as a "moving target," criticizing both the format of the Identification and the substance of at least one specific trade secret. This criticism is baseless.



Defendants criticize the length of the Identification and ask the Court to compel BlockCrushr to provide a list of single-sentence trade secret identifications. But for software trade secrets, like the ones at issue in this litigation, contextual narratives are often *expected*. Indeed, failing to include such context is grounds to find the identification insufficient. *See Capricorn Mgmt. Sys.*, 2019 WL 5694256, at *16 ("Merely listing various functions without evidence of how these functions work together in a unique

---

[1] [text redacted]

and valuable way is insufficient to warrant trade secret protection."); *see also Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x 586, 594 (4th Cir. 2009) (remanding to district court to consider if identification of "source code, as well as a flow chart and *narrative* explaining its software program" was sufficient to identify a software trade secret (emphasis added)).

The case law Defendants' rely on to criticize the Identification as a whole is inapposite. In *Sit-Up Ltd. v. IAC/InterActiveCorp.*, the plaintiff contended that "it need not identify its alleged trade secrets with specificity" and contended that its "trade secrets were strewn across at least 13,000 pages produced in discovery." No. 05 Civ. 9292, 2008 WL 463884 at *5 (S.D.N.Y. Feb. 20, 2008). In *Digital Assurance Certification, LLC v. Pendolino*, the plaintiff asserted that its trade secrets could not be "completely captured in pieces of paper" and instead simply claimed that "every step in the process to creating a particular Summary Findings Page" was in itself a trade secret. No: 6:17-CV-72-ORL-41TBS, 2018 WL 9669762, at *3 (M.D. Fla. Sept. 9, 2018). ▮

▮ The Second Circuit has plainly found that "software architecture" is itself a protectable trade secret and has held that simple identifications of such are reasonably particular. *See Broker Genius, Inc. v. Zalta*, 280 F. Supp. 3d 495, 516 (S.D.N.Y. 2017) (citing *Integrated Cash Mgmt. Serv., Inc. v. Dig. Transactions, Inc.*, 920 F.2d 171, 173–74 (2d Cir. 1990)); *see also CBS Interactive, Inc. v. Etilize, Inc.*, 2009 WL 8514005 (Cal. Sup. Ct. Nov. 20, 2009) (finding sufficiently particular trade secret identifications such as "structure and method used to store language specific data in separate files and database tables"). ▮

While Defendants cherry-pick BlockCrushr's broadest (but still sufficiently specific) trade secret, its specificity criticisms are even less applicable to its other disclosures. ▮

In sum, BlockCrushr has provided a more than reasonably specific identification that goes far beyond what is required pre-discovery. BlockCrushr's identification will prevent it from identifying new trade secrets and prejudicing Defendants. But imposing a heightened specificity requirement on BlockCrushr at this stage will force it to incur significant expert costs to avoid future *gotcha* arguments on technicalities of identification. For these reasons, Defendants' Motion to Compel should be denied.

---

[2] ▮

       Respectfully,

       **ROCHE CYRULNIK FREEDMAN LLP**

       */s/ Kyle Roche*
       Kyle Roche
       99 Park Avenue, Suite 1910
       New York, New York 10016
       T: (646) 970-7509
       kroche@rcfllp.com