# EXHIBIT A

| | |
|---|---|
| From: | Tibor Nagy |
| To: | Kyle Roche; Richard Cipolla |
| Cc: | Michael Lockman; Warren Li |
| Subject: | Re: BlockCrushr - Confidential Rule 408 Communication |
| Date: | Thursday, May 28, 2020 4:46:04 PM |

Kyle,

Thank you for your email and your proposal. I have set forth our counterproposal below. We believe our counterproposal is fair to both sides because, among other things:

• In the event that we are forced to file Rule 12 motions, the court is likely to dismiss the parties and claims we are asking you to drop.

• The court is also likely to order Groundhog to identify the trade secrets it claims it disclosed to us, which is the only other thing we are asking you to do.

• To the extent you need discovery from any of the defendants we're asking you to drop, we are willing to provide it consistent with the contours of Rule 26(b)(1), which is all you'd get if they remained parties.

If these terms (or something very close to them) are not acceptable, we'll have to proceed with motions that will ask the court to order the same result, and we can talk about a schedule for those motions after you have accomplished service on whichever entities you decide to keep in your complaint.

Feel free to call me if you want to discuss any of this.

Should go without saying, but we reserve all rights and waive none, including in particular all rights/claims associated with and arising from the letter I sent you on May 19th.

Regards, Tibor

COUNTERPROPOSAL:

1. Plaintiff will make the following changes to its draft complaint before filing:
   a. Drop the following parties as defendants:
      1. Mueller
      2. Consensys AG
      3. Consensys Ventures LLC
      4. Consensys GP I LLC
      5. Consensys Diligence Inc.
   b. For the avoidance of doubt, after dropping those defendants, the only named defendants will be (i) Consensys Fund I LP and (ii) Consensys Inc.
   c. Drop the following claims:
      1. Promissory estoppel
      2. Unjust enrichment
      3. Tortious interference
   d. For the avoidance of doubt, after dropping those claims, the only remaining claims will be (i) DTSA (ii) state law misappropriation of trade secrets and (iii) breach of contract.

2. Groundhog also will add an exhibit to its complaint that identifies the trade secrets that it claims it disclosed to Defendants (the "Trade Secrets Disclosure"). Note that this is a disclosure of the trade secrets that Groundhog alleges it *provided* to Defendants, and is not necessarily the same set of trade secrets that Groundhog claims Defendants actually *utilized*. While Groundhog may argue that it needs discovery from Defendants for the latter, it clearly does *not* need discovery for the former. The parties agree that Groundhog will disclose the *actual* trade secrets (and not simply categories or types of secrets) in this Trade Secret Disclosure, and that Defendants are entitled to rely on the Trade Secret Disclosure as Plaintiff's identification of those trade secrets throughout this

litigation, including for purposes of summary judgment. (Defendants will not rely on them for purposes of any Rule 12 motions, since per the terms of this counterproposal Defendants would not file any Rule 12 motions.) We would not oppose your filing the Trade Secrets Disclosure exhibit under seal or seek to have it unsealed.

3. Defendants will accept service via email of the complaint.

4. While reserving all of their rights/defenses, Defendants will not file any Rule 12(b)(6) motions and, instead, will file an answer to the complaint within 60 days of service.

5. Following Plaintiff's service of the Trade Secrets Disclosure, the following non-parties would provide Plaintiff with reasonable discovery, consistent with Rule 26(b)(1):
    a. Mueller
    b. Consensys AG
    c. Consensys Ventures LLC
    d. Consensys GP I LLC
    e. Consensys Diligence Inc.

Tibor L. Nagy, Jr.
Dontzin Nagy & Fleissig LLP
980 Madison Avenue | New York, NY 10075
www.dnfllp.com | Web Bio
212-717-2900 | tibor@dnfllp.com

The information contained in this electronic message is confidential and may be privileged or otherwise protected from disclosure. This message is intended only for the use of the individual or entity named above. If you are not the intended recipient or have otherwise received this communication in error, please immediately notify me by telephone at 212-717-2900 or by e-mail at tibor@dnfllp.com, and you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. Nothing herein constitutes, or should be construed as, tax advice.

**From:** Kyle Roche <kyle@rcfllp.com>
**Date:** Tuesday, May 26, 2020 at 5:40 PM
**To:** Richard Cipolla <rcipolla@rcfllp.com>, Tibor Nagy <tibor@dnfllp.com>
**Cc:** Michael Lockman <mlockman@dnfllp.com>, Warren Li <wli@rcfllp.com>
**Subject:** Re: BlockCrushr - Confidential Rule 408 Communication

Tibor,

Per our earlier discussion, Plaintiffs will agree to not to file any action until 5:00 p.m. Thursday in order to give us time to discuss a deal concerning the named parties in the contemplated litigation. The proposed terms of such an agreement, subject to final approval by Groundhog, are:

Plaintiff would agree to:
- Remove Bernhard Mueller as a Defendant
- Remove ConsenSys AG as a Defendant

Defendant would agree to:
- Not file any Rule 12 motion on this complaint or any future amended complaint.
- Permit and facilitate full discovery over Bernhard Mueller as if Mr. Mueller was a named Defendant.
- Permit and facilitate full discovery over any and all ConsenSys AG employees as if ConsenSys AG was a named Defendant.
- Waive service for all remaining Defendants.

Best,

**Kyle Roche**
Partner
Roche Cyrulnik Freedman LLP
99 Park Avenue, 19th Floor
New York, NY 10016
(t) (646) 970-7509
(m) (716) 348-6003
(@) kyle@rcfllp.com

**From:** Richard Cipolla <rcipolla@rcfllp.com>
**Date:** Tuesday, May 26, 2020 at 12:37 PM
**To:** Tibor Nagy <tibor@dnfllp.com>, Kyle Roche <kyle@rcfllp.com>
**Cc:** Michael Lockman <mlockman@dnfllp.com>, Warren Li <wli@rcfllp.com>
**Subject:** RE: BlockCrushr - Confidential Rule 408 Communication