**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**BlockCrushr, Inc.,**

                          **Plaintiff,**                          **MEMORANDUM**
                                                                                       **AND ORDER**

                       **-against-**                             **20-CV-3134 (FB)**

**Consensys Inc., et al.,**

                          **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Plaintiff BlockCrushr, Inc. ("plaintiff") brings this action against defendants Consensys Inc., *et al.* ("defendants"), claiming that defendants, after proposing to invest in plaintiff, misappropriated plaintiff's trade secrets relating to recurring crypto payments and used those trade secrets to launch a competing product. See generally Complaint (July 14, 2020), Electronic Case Filing ("ECF") Docket Entry ("DE") #1. Currently pending before this Court is defendants' motion for an order compelling plaintiff to supplement its response (the "Response") to defendants' Interrogatory 1 (the "Interrogatory"); see Letter Motion to Compel (Nov. 20, 2020) ("Def. Mot."), DE #24 [sealed]. The Interrogatory asks plaintiff to "[i]dentify with specificity the trade secrets that you claim were disclosed to Defendants as alleged in your Complaint." Def. Mot. Ex. A, DE #24-2 [sealed]. Defendants advance two arguments in support of their motion: First, that by virtue of a so-ordered stipulation (the "Stipulation") entered into by the parties, see Joint Motion for Extension of Time Ex. A (Aug. 6, 2020), DE #14; Order (Aug. 6, 2020) ("8/6/20 Order"), plaintiff agreed to, and was directed by the Court to, identify with specificity the aforementioned trade secrets (the "Trade Secrets"), and would be permitted to amend its Response to the Interrogatory only on a showing of good cause. See Def. Mot. at 1.

Second, defendants contend that plaintiff's 27-page narrative Response not only fails to identify the "*actual* trade secrets" referenced in Exhibit A to the so-ordered Stipulation, see id. at 2, but additionally falls short of providing the specificity mandated as a matter of law, see id. at 3. This Court disagrees.

Addressing defendants' two arguments in reverse order, this Court is unconvinced that, at this stage of the proceeding, plaintiff's Response to the Interrogatory runs afoul of caselaw regarding the level of specificity required to identify trade secrets. As plaintiff correctly observes, "pre-discovery trade-secret identification requires less detail than post-discovery identification because 'the level of specificity increases as [a] case and discovery proceeds.'" Letter in Opposition (Nov. 25, 2020) ("Pl. Opp.") at 1, DE #26 [sealed], DE #27 [redacted] (quoting Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co., No. 15-cv-2926 (DRH)(SIL), 2019 WL 5694256, at *17 (E.D.N.Y. July 22, 2019), adopted, 2020 WL 1242616 (E.D.N.Y. Mar. 16, 2020)); see Uni-Sys., LLC v. U.S. Tennis Ass'n, 17 CV 147 (KAM) (CLP), 2017 WL 4081904, at *4 (E.D.N.Y. Sept. 13, 2017) ("[T]he strength of the showing sufficient to identify trade secrets with sufficient particularity varies with the facts *and stage of the case*.") (emphasis added). The law requires that trade secrets be described with "reasonable particularity," a standard that "is flexible and is driven by the Court's discretion." Uni-Sys., 2017 WL 4081904, at *4. Generally speaking, the standard "requires that the plaintiff provide enough information about the alleged trade secrets (1) to put the defendant on notice of the nature of plaintiff's claims, and (2) to allow defendant to discern the relevancy of any discovery requests." Id. (citing cases). Defendants herein do not contend that plaintiff's Response to the Interrogatory fails to accomplish either of those objectives. And having reviewed the Response, which was served on defendants about one month after discovery commenced – with fact discovery to continue until

May 28, 2021, and expert discovery to occur next summer, see Minute Entry (Oct. 7, 2020), DE #21 − the Court concludes that for now, the challenged Response is sufficiently particular to satisfy the aforesaid legal standards.

In arguing that plaintiff's 27-page Response is the equivalent of the "proverbial 'haystack,'" see Def. Mot. at 3, defendants rely on out-of-district decisions that are in no way comparable to the situation at hand. The issue in Sit-Up Ltd. v. IAC InterActive Corp., No. 05 Civ. 9292(DLC), 2008 WL 463884 (S.D.N.Y. Feb. 20, 2008), arose in the context of a motion for summary judgment, see id. at *7, with the plaintiff arguing that "it need not identify its [more than one hundred] alleged trade secrets with specificity," id. at *11. The district court disagreed and granted summary judgment in the defendants' favor. See id. at *12.[1] And in Digital Assurance Certification, LLC v. Pendolino, No. 6:17-cv-72-Orl-41TBS, 2018 WL 9669762 (M.D. Fla. Sept. 9, 2018), some of the plaintiff's alleged trade secrets were not even reduced to writing, prompting the court to order the plaintiff to "furnish [the defendants] a written description" of its trade secrets. Id. at *4.

In complaining about the size of plaintiff's purported "haystack," and relying on the above cases, defendants ignore a decision out of the Eastern District of New York that is most comparable to the present case. In Uni-Systems, LLC v. U.S. Tennis Association, 2017 WL 4081904, the defendants similarly moved to compel the plaintiff "to identify its asserted trade secrets 'with specificity,'" complaining, like defendants herein, that the plaintiff's 36-page

---

[1] The court in Sit-Up observed that "specificity is required . . . so that the defendant can defend himself adequately against claims of trade secret misappropriation, and can divine the line between secret and non-secret information," and to aid the jury in rendering a "discriminating" verdict. Sit-Up Ltd., 2008 WL 463884, at *11.

3

description of its trade secrets "amount[ed] to mere 'categories of information.'" Id. at *3.[2] After reviewing the plaintiff's description of its trade secrets, the court in Uni-Systems denied the defendants' motion to compel, finding that the interrogatory responses were not "mere categories, but actually detailed descriptions of the alleged trade secrets[,]" which "inform[ed] the defendants of the nature of plaintiff's claims and allow[ed] them to determine the relevancy of discovery requests." Id. at *4.

So too here, defendants' contention that plaintiff has described mere categories of information is unavailing. Plaintiff's Response provides a description of the alleged secrets and specifies the portions of plaintiff's source code that correlate to each trade secret, as well as certain portions that are not alleged to construe a trade secret. See, e.g., Def. Mot. Ex. A at 3 n.1. Contrary to defendants' suggestion, see Def. Mot. at 3, "software architecture" has been held to be a protectable trade secret. See, e.g., Broker Genius, Inc. v. Zalta, 280 F.Supp.3d 495, 515-16 (S.D.N.Y. 2017) (collecting cases). Defendants' argument that plaintiff's Response fails to name the components of its software architecture is belied by an examination of the Response, which lists these components in bold,[3] see Def. Mot. Ex. A at 15 (DE #24-2 at 16), as is defendants' assertion that the response is bereft of information concerning "what the trade secret purportedly is, and what it isn't[,]" Def. Mot. at 3; see Def. Mot. Ex. A at 3 at n.1. Having reviewed plaintiff's 27-page Response, the Court is satisfied that plaintiff's description provides sufficient notice to enable defendants to frame discovery demands and to assess the relevancy of those served by plaintiff.

---

[2] The Uni-Systems defendants, like defendants in this case, also relied on cases that arose in the context of motions for summary judgment to support their argument. See Uni-Systems, 2017 WL 4081904, at *5 n.1. This Court agrees that these cases have "little relevance" to discovery disputes at earlier stages of a litigation. See id.

[3] The Response lists five components in bold, see Def. Mot. Ex. A at 15, but, because of a clerical error, incorrectly states that the trade secret encompasses six and not five components. See Pl. Opp. at 4 n.2.

Turning next to defendants' other argument, defendants seem to suggest that by so-ordering the parties' Stipulation of August 6, 2020, the Court directed plaintiff to satisfy a heightened standard of specificity beyond that required by the caselaw. See generally Def. Mot. That was not the Court's understanding – nor, as it turns out, what the parties had discussed. See Pl. Opp. Ex. A at 1, DE #26-1 (addressing the language now cited by defendants, defense counsel explained that "[t]he court is likely to order [plaintiff] to identify the trade secrets it claims it disclosed to us, which is the only other thing we are asking you to do"). While defendants repeatedly refer to Exhibit A to the parties' Stipulation as "the Order," see Def. Mot. at 1, 2, 3, defendants overlook the fact that in filing the Stipulation, which sets forth a two-page proposed timeline for the initial stages of the litigation, the parties attached, without explanation, Exhibit A, the "Presuit Case Management Agreement" ("Exhibit A") on which defendants now rely. See Stipulation Ex. A, DE #14. The parties dispute the import of that Agreement; according to plaintiff, the provision in question "was intended to protect against [plaintiff] adding trade secrets or meaningfully changing their scope—not to prevent [plaintiff] from engaging an expert to articulate its trade secrets in more detail." Pl. Opp. at 2. Had defendants, who drafted the disputed provision, intended to impose upon plaintiff an obligation of enhanced particularity, they should have made that explicit. That the Court did not embrace a heightened standard of particularity is evident from the language of the Order adopting the Stipulation: "The Court approves the parties' stipulation, in particular, the schedule contained therein." 8/6/20 Order. Simply put, the Court's Order adopted the parties' agreed-upon timeline but did not purport to impose enhanced discovery obligations.

Accordingly, defendants' motion to compel is denied. The Court need not and does not opine at this time on Exhibit A's good-cause requirement for amendments to plaintiff's Interrogatory Response.

Finally, defendants, with the Court's permission, <u>see</u> [First] Order (Nov. 20, 2020), filed their motion to compel under seal. However, not all portions of their submission should be inaccessible to the public. Therefore, defendants are directed to promptly docket into the ECF public court file an appropriately redacted copy of their motion to compel, after seeking input from plaintiff.

**SO ORDERED.**

**Dated:     Brooklyn, New York
            December 9, 2020**

*/s/ Roanne L. Mann*
**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**