**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLOCKCRUSHR INC., *Plaintiff*, v. CONSENSYS INC., CONSENSYS FUND I, L.P., CONSENSYS DILIGENCE, INC., CONSENSYS GP I, LLC, AND CONSENSYS VENTURES LLC, *Defendants*. | Case No. 20 Civ. 3134 (FB) **JOINT STIPULATION AND [PROPOSED] SCHEDULING ORDER** |

BlockCrushr Inc. d/b/a Groundhog ("Plaintiff") and Defendants ConsenSys Inc., ConsenSys Fund I, L.P., ConsenSys Diligence, Inc., ConsenSys GP I, LLC, and ConsenSys Ventures LLC (collectively "Defendants" and together with Plaintiff the "Parties") by and through their undersigned counsel, hereby stipulate as follows:

Whereas the Parties entered into the Presuit Agreement on July 9, 2020, which set out, among other things, the timing and manner in which Plaintiff would respond to Defendants' Interrogatory Number One, which asks Plaintiff to "[i]dentify with specificity the trade secrets that you claim were disclosed to Defendants as alleged in your complaint," [DE 14];

Whereas the Parties jointly filed the Initial Conference Questionaire setting forth the Parties' agreement as to the case schedule based on each Party's understanding of the obligations under the Presuit Agreement, [DE 20];

Whereas the Court held a case management conference on October 7, 2020;

Whereas the Court entered an Initial Conference Order and Schedule on October 7, 2020 setting forth the discovery schedule in this case, [DE 21];

Whereas on November 19, 2020, Defendants raised a discovery dispute with this Court regarding the sufficiency of Plaintiff's Response to Defendants' Interrogatory Number One (the "Response"), [DE 24];

Whereas the Court noted that there is a heightened level of specificity as the case proceeds, [DE 28 at 2 (quoting Plaintiff's Nov. 25, 2020 Letter in Opposition, DE 26, at 1)];

Whereas the Parties have met and conferred regarding the timing of Plaintiff's supplemental Response and believe that additional time to complete discovery is necessary in order to permit Plaintiff to conduct discovery as to its alleged trade secrets and to provide Defendants with sufficient specificity regarding the contours of its alleged trade secrets and to permit Defendants to investigate the allegations made by Plaintiff after Plaintiff provides the "more detail" as contemplated by this Court's Order [DE 28 at 5];

Whereas Plaintiff's counsel has a trial beginning in or around June 2021 which is estimated to last at least a month;

Now, therefore, the Parties agree as follows:

1. The Parties shall substantially complete their production of documents on or before March 31, 2021.

2. Plaintiff shall serve its supplemental Response (the "Supplemental Response") to Defendants' Interrogatory Number One on or before May 14, 2021.

3. Plaintiff's Supplemental Response shall include an enumerated list of its actual trade secrets, exactly as Plaintiff intends to articulate such trade secrets at summary judgment and at trial. Specifically, Plaintiff "must describe the trade secret[s] with 'specific and concrete information'" such that its Supplemental Response "convey[s] information about the logical relationship between the operations, data structures, and [code Plaintiff] alleges combine to form

a trade secret." *Next Commc'ns, Inc. v. Viber Media, Inc.*, 758 F. App'x 46, 48 (2d Cir. 2018); *see also* DE 28 at 2 ("'the level of specificity increases as [a] case and discovery proceeds'") (quoting Plaintiff's November 25, 2020 Letter in Opposition DE 26 at 1); *Uni-Systems, LLC v. U.S. Tennis Association*, 17 CV 147 (KAM) (CLP), 2017 WL 4081904, at *5 n.1 (E.D.N.Y. Sept. 13, 2017) (recognizing "heightened particularity requirement after discovery" with respect to identification of trade secrets).

4. Plaintiff shall not be permitted to amend its Supplemental Response after May 14, 2021 to add any new information, including but not limited to any new trade secrets or any additional specificity to the alleged trade secrets identified in its Supplemental Response.

5. The Parties shall complete fact discovery by August 31, 2021.

6. The Party with the burden of proof shall serve its opening expert report on or before September 30, 2021.

7. Rebuttal expert reports shall be served on or before December 31, 2021.

8. The Parties shall complete expert depositions on or before February 7, 2022.

9. Any Party who wishes to file a dispositive motion shall file a letter requesting a premotion conference on or before February 22, 2022.

10. For the avoidance of doubt, except for the terms specifically set forth herein, nothing in this Joint Stipulation and Proposed Scheduling Order amends the terms or obligations of either Party as agreed to and set forth in the Parties' Presuit Agreement, [DE 14].

\* \* \*

Dated: January 25, 2021

| | |
|---|---|
| /s/ *Kyle W. Roche* | By: */s/ Laura B. Najemy* |
| Kyle W. Roche<br>Richard R. Cipolla (*admission pending*)<br>Warren Li<br>**ROCHE CYRULNIK**<br>**FREEDMAN LLP**<br>99 Park Street, Suite 1910<br>New York, New York 10016<br> (646) 791 688<br>kyle@rcfllp.com<br>rcipolla@rcfllp.com<br>wli@rcfllp.com<br><br>*Attorneys for Plaintiff* | Tibor L. Nagy, Jr.<br>**DONTZIN NAGY & FLEISSIG LLP**<br>980 Madison Avenue<br>New York, NY 10075<br>Tel: 212-717-2900<br>tibor@dnfllp.com<br><br>Clement Seth Roberts<br>**ORRICK, HERRINGTON &**<br>**SUTCLIFFE LLP**<br>405 Howard Street<br>San Francisco, CA 94105<br>(415) 773-5700<br>croberts@orrick.com<br><br>Laura B. Najemy<br>**ORRICK, HERRINGTON &**<br>**SUTCLIFFE LLP**<br>222 Berkeley Street, Suite 2000<br>Boston, MA 02116<br>(617) 880-1800<br>lnajemy@orrick.com<br><br>*Attorneys for Defendants* |

### ORDER

Based on the foregoing, it is

SO ORDERED, this _____ day of _____, 2021.

_____

Roanne L. Mann, United States Magistrate Judge